DOMINIC and NETTIE GRANDINETTI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grandinetti v. Commissioner
Docket No. 3361-71.
United States Tax Court
T.C. Memo 1973-81; 1973 Tax Ct. Memo LEXIS 202; 32 T.C.M. (CCH) 361; T.C.M. (RIA) 73081; April 10, 1973, Filed. *202 Dominic Grandinetti, pro se. George J. Mendelson, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined deficiencies in income taxes due from the petitioners as follows: Year
Deficiency December 31, 1965
$3,107.07
December 31, 1966
4,434.54
December 31, 1967
1,248.90 2 As a result of concessions made by the parties, the only issue remaining for decision is whether petitioner sustained a loss in the amount of $7,000 for the taxable year ended December 31, 1966, on account of the worthlessness of an alleged debt due the petitioner. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The petitioners are husband and wife whose residence at the time of the filing of the petition herein was in Long Branch, New Jersey. They duly filed joint Federal income tax returns for the years involved. In their return for the taxable year 1966 petitioners [1] claimed a capital loss in the amount of $7,000 on account of an alleged bad debt due from 3 one Martin Lucarelli. The loss stemmed from a transaction dating back several years. In substantiation of the deduction, *203 the petitioner had no records but testified from his own recollection. According to the petitioner's testimony, he purchased certain property in Colts Neck, New Jersey, in about the year 1955 for a price of either $17,000 or $18,000. Petitioner paid $4,000 in cash and obtained a mortgage for the balance, payable in semi-annual installments of $500 with the balance due after 3 years. At the time of the purchase, the petitioner intended to subdivide the property for the construction of houses. From the time of the purchase until about 1958, the petitioner was unable to obtain appropriate zoning in order to proceed with the subdivision of the property for resale. He was in default on the mortgage. He thereupon contacted one Ben Lucarelli, a building doing business in Newark, New Jersey. Ben Lucarelli referred the petitioner to his brother, Martin Lucarelli, who then owned a lumber yard in Jersey City, New Jersey. 4 Martin Lucarelli arranged to pay off the balance due on the mortgage, *204 and the property was transferred to the Brunell Lumber Co., a corporation owned by Martin Lucarelli. In the following year, the petitioner again appeared before the zoning board in an effort to have the property subdivided into building lots. At that time, one of the members of the board raised a question with respect to the ownership of the property. The petitioner then discovered that the property had been transferred from Brunell Lumber Co. to Orchard Development Corp., a corporation owned by Ben Lucarelli. Brunell Lumber Co. went into bankruptcy. For several years thereafter, the petitioner attempted to contact Ben Lucarelli and Martin Lucarelli without success. Martin Lucarelli died sometime during the year 1966. On this basis, the petitioner concluded that the amount he regarded to be due from Martin Lucarelli on account of the property was no longer collectible and claimed a deduction of $7,000 in the year 1966 on account of a bad debt. 5 OPINION The petitioner contends that he sustained a loss in the taxable year 1966 in the amount of his down payment, together with any installments paid on account of the purchase of the property. If his recollection is *205 correct, the amount of the loss was $7,000. In order to establish his claim to a deduction in the year 1966 as a result of the transaction in question, whether as a bad debt or a worthless investment, it is incumbent upon the petitoner to establish the worthlessness of the debt or investment, , and that it was not worthless prior to 1966. and cases there cited. The petitioner has failed to meet this burden. In the first instance, the petitioner has failed to show that there was a debt due from Martin Lucarelli. It is axiomatic that before the worthlessness of a debt may be established, the existence of that debt must be proven. Yet petitioner never made any claim with respect to any indebtedness either during Lucarelli's lifetime or against his estate. Further, the petitioner admittedly consented to the transfer of the property to the Brunell Lumber Co., 6 which company went into bankruptcy. The property then turned up in the Orchard Development Corp. Accordingly, there is no basis for determining that there was a "debt" in the legal sense due individually from Martin *206 Lucarelli.
In addition, even assuming that there was any obligation due from Brunell Lumber Co., the petitioner has failed to establish the year in which such obligation became worthless. From the scant evidence available, it appears that the obligation, if any, became worthless long prior to the taxable year involved. On the basis of the record before the Court, it is impossible either to characterize the loss or to ascertain the year in which the loss was incurred. To reflect concessions made by the parties on other issues, Decision will be entered under Rule 50. Footnotes
1. Nettie Grandinetti is a petitioner herein by reason of having filed a joint income tax return with her husband. Hereinafter, references to "petitioner" are to Dominic Grandinetti. ↩